IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Quentin A. Sherer,                                    Case No. 3:01CR725

        Petitioner.

    v.                                               **ORDER**

United States of America,

        Respondent,

Federal prisoner Quentin Sherer, who in 2001 pled guilty to bank robbery and using a firearm during a crime of violence, seeks a writ of error coram nobis on the ground that the information charging him with the latter offense was invalid. (Doc. 17).

In February, 2000, the grand jury indicted Sherer on multiple counts of bank robbery, in violation of 18 U.S.C. § 2113. (Doc. 16, *U.S. v. Sherer*, Case No. 3:00CR710). After the authorities located the gun Sherer had used in the robbery, the government filed a separate information charging him with violating 18 U.S.C. § 924. (Doc. 1, *U.S. v. Sherer*, Case No. 3:01CR725). Sherer waived the indictment with respect to the firearms charge.

In March, 2001, Sherer pled guilty to two counts of bank robbery in Case No. 3:00CR710 and one count of using a firearm in relation to a crime of violence in Case No. 3:01CR725. Judge Potter, who presided over both cases and had accepted the pleas in a consolidated hearing, sentenced Sherer to a total of 117 month' imprisonment.

Sherer did not appeal or collaterally attack any of his convictions.

After serving the sentences Judge Potter imposed, Sherer robbed a bank in Monroe County, Michigan. In 2012, a jury in the Eastern District of Michigan convicted him of two counts of bank robbery and one count of using a firearm while doing so. The district court sentenced Sherer to 540 months' imprisonment. *U.S. v. Sherer*, 770 F.3d 407 (6th Cir. 2014).

Sherer now petitions for a writ of error coram nobis under 28 U.S.C. § 1651. He claims the information charging him with violating § 924(c)(1) was invalid because, though it alleged he had used a firearm to commit an offense, it did not specify *which* offense he had committed while armed with a gun. (Doc. 17 at 4).

"*Coram nobis* is an extraordinary writ that may be used to vacate a federal sentence or conviction when a 28 U.S.C. § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer in custody." *U.S. v. Waters*, 770 F.3d 1146, 1147 (6th Cir. 2014).

"To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *U.S. v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001).

Sherer, having discharged his sentence for violating § 924(c) and now in custody for a subsequent conviction, is eligible for coram nobis relief *vis-a-vis* the firearms conviction. *Dover v. U.S.*, 2013 WL 1386635, *1 (E.D. Mich.) (for purposes of coram nobis petitions, "in custody" means "custody for the conviction or sentence under attack in the petition for writ, not custody for a subsequent conviction").

For at least three reasons, however, he is not entitled to any relief.

First, the writ of error coram nobis is available to correct only factual errors, not legal errors. *Id.*; *see also Flippins v. U.S.*, 747 F.2d 1089, 1091 (6th Cir. 1984). But whether the information in Sherer's case stated an offense under § 924(c) is a legal question. *U.S. v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001).

Second, the alleged defect in the information – the failure to specify the offense Sherer had committed with the firearm – was apparent when prosecutors filed the information in February, 2001, and when Sherer pled guilty the next month to the offense alleged therein. For that reason Sherer cannot, nearly fifteen years after the fact, rely on the allegedly defective information to invalidate his conviction.

Third, even if the indictment were flawed, that error did not make the proceedings against Sherer "fundamentally unjust." *Johnson*, *supra*, 237 F.3d at 755.

The information charging Sherer with using a firearm in relation to a crime of violence was a byproduct of Sherer's earlier bank-robbery case: once authorities located the gun Sherer had used in that bank robbery, the government brought the § 924(c) case. (Doc. 19 at 1-2). Sherer then pled guilty to both offenses in a single proceeding, leaving no doubt Sherer knew exactly which offense he had committed while using a firearm.

It is, therefore

ORDERED THAT: Sherer's petition for a writ of error coram nobis (Doc. 17) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge